IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JESUS ANDRES VALDEZ, et al.,　　§
　　　　　　　　　　　　　　§
　　　　　　　　Plaintiffs,　　§
　　　　　　　　　　　　　　§　Civil Action No. 3:12-CV-4368-D
VS.　　　　　　　　　　　　§
　　　　　　　　　　　　　　§
CELERITY LOGISTICS, INC., et al.,　§
　　　　　　　　　　　　　　§
　　　　　　　　Defendants.　§

MEMORANDUM OPINION
AND ORDER

　　　Plaintiffs move for leave to amend their complaint.[1]  For the reasons that follow, the court grants the motion.

I

　　　Plaintiffs[2] sued defendants Celerity Logistics, Inc. ("CLI"), Mike Medley, and Scott Watts on October 30, 2012, alleging claims of overtime and minimum wage violations under 29 U.S.C. §§ 201-216.  On February 11, 2013 the court issued a scheduling order setting several deadlines that are relevant to this motion.  The deadline to file motions for leave to join other parties was July 1, 2013, and the deadline to file motions for leave to amend the pleadings was August 1, 2013.  On June 28, 2013—before either deadline had

---

[1]Plaintiffs filed on the same day a first motion seeking leave to file and serve amended complaint and an amended first motion seeking leave to file and serve amended complaint. The initial motion is moot because it has been superseded by the amended motion.

[2]Plaintiffs are Jesus Andres Valdez, Marta Patricia Castillo, and all others similarly situated.

passed—plaintiffs moved to amend their complaint.[3] Specifically, they seek leave to (1) add Segue Distribution, Inc. ("Segue"), Celerity Acquisitions, Inc. ("CAI") d/b/a Celerity Logistics Company, Insperity, Inc. f/k/a Administaff, Inc., and Beavex, Inc. ("Beavex") as defendants to their claims for unpaid overtime and minimum wages; (2) add claims of successor liability against CLI, Segue, CAI, and Beavex; and (3) add a retaliation claim for damages against Beavex.

Defendants oppose the motion, arguing that the court should deny leave to amend because adding defendants and claims after obtaining extensive discovery from the existing defendants will cause prejudice by needlessly increasing the cost of the litigation. They also maintain that the motion should be denied based on undue delay, because plaintiffs knew from the outset the bases of their claim against Segue and their retaliation claim, yet failed to include them. Defendants also posit that the court should deny the motion on the basis of bad faith, because plaintiffs have no excuse for failing to include the new claims and parties in their complaint. Finally, defendants contend, based on futility of amendment, that the court should deny leave to amend to allege successor liability. Alternatively, defendants

---

[3]Whether plaintiffs filed this motion before either of these deadlines had passed is important, because "the standards by which a court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order." *Hoffman v. L & M Arts*, 2012 WL 4321739, at *2 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.); *see also Orthoflex, Inc. v. ThermoTek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.) ("Motions for leave to amend are typically governed by [Fed. R. Civ. P.] 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)."). Defendants recognize that plaintiffs did not miss any of the relevant deadlines. *See* Ds. Resp. Br. 3.

argue that, if the court grants the motion, it should do so on two conditions: (1) that plaintiffs pay the existing defendants' attorney's fees for any re-deposition of, or additional written discovery requests to, the original defendants for claims that could have been brought from the outset; and (2) that plaintiffs be required to revise their proposed amended pleading to "line up the facts that they allege in support of each of the elements of each of their claims against each Defendant." Ds. Resp. Br. 2.

## II

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (internal quotation marks omitted)). "When a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). "Granting leave to amend . . . 'is by no means automatic.'" *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation and internal quotation marks omitted)). In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

- 3 -

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party, and futility of amendment." *Hoffman*, 2012 WL 4321739, at *4 (citation omitted).

### III

The court concludes that the relevant factors do not support denying leave to amend.

Defendants' assertions about whether plaintiffs can prove their successor liability claims are

better addressed in the context of a Rule 12(b)(6) or Rule 56 motion.[4]

> [This] court's almost unvarying practice . . . is to address the
> merits of [a] claim or defense in the context of a Rule 12(b)(6)
> or Rule 56 motion. The court only infrequently considers the
> merits of new causes of action in the context of Rule 15(a). The
> court prefers instead to do so in the context of a Rule 12(b)(6)
> or Rule 56 motion, where the procedural safeguards are surer.

*Hoffman*, 2012 WL 4321739, at *5 (quoting *Garcia*, 2006 WL 298156, at *1) (citation and

internal quotation marks omitted).

Nor have defendants shown undue delay (they in fact recognize that plaintiffs have

not missed any of the relevant deadlines set in the scheduling order) or bad faith. And they

have not demonstrated that they will be unfairly prejudiced by amendment.[5]

-------------------

[4]Likewise, defendants' alternative argument that, should the court grant the motion
for leave to amend, it should do so on the condition that plaintiffs "be required to revise their
proposed amended pleading to line up the facts that they allege in support of each of the
elements of each of their claims against each Defendant," Ds. Resp. Br. 2, can be addressed
by a motion under Rule 12(b).

[5]Defendants rely on *Home Depot U.S.A., Inc. v. National Fire Insurance Co. of
Hartford*, 2007 WL 2592353 (N.D. Tex. Sept. 10, 2007) (Fitzwater, J.), to support their
argument that leave should be denied, but this reliance is misplaced for at least two reasons.
First, in *Home Depot* the defendant moved for leave to amend after it had already lost
one summary judgment motion and after a second summary judgment motion had been filed

Concerning defendants' alternative request for the imposition of conditions on granting leave to amend, if defendants can demonstrate later that they must conduct additional discovery due to the parties and/or claims added by the amended complaint, or are required to respond to discovery that is unnecessarily duplicative, they can seek appropriate relief.[6]   The court denies the alternative request without prejudice as premature.

_____

against it.  *Id.* at *3 ("Only after [plaintiff] moved for and obtained summary judgment in [an earlier stage of the litigation], obtained leave to file a second summary judgment motion . . ., and over 18 months had elapsed since suit was filed, did [defendant] move for leave to amend.").  Here, neither party has moved for summary judgment (and only eight months have passed since the lawsuit was filed).  *Home Depot* reflects the principle that "[a] party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint."  *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting this court's opinion below).  That principle is inapposite here.

Second, the *Home Depot* defendant's motion for leave to amend was timely only because the court had previously granted the defendant's unopposed motion to extend the pretrial deadlines. *Home Depot*, 2007 WL 2592353, at *4.  In moving to extend the pretrial deadlines, the defendant had represented that it needed more time to pursue its claims against a third party—it did not disclose that it might file a new counterclaim against the plaintiff. *Id.*  As this court explained, had the plaintiff known that it might face a new counterclaim, it likely would have opposed the defendant's motion to extend the pretrial deadlines. *Id.*  In the present case, plaintiffs filed their motion in a timely manner, without relying on an extension of the pretrial deadlines.  As such, the fairness issue presented in *Home Depot* is not at issue in the instant case.

[6]Rule 15(a)(2) "presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it."  6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1486, at 693 (3d ed. 2010). Indeed, numerous courts have required the movant to pay the costs of additional discovery. *See id.* at 694, 695 & n.8 (collecting cases); *Duran v. N.M. Dep't of Labor*, 42 Fed. Appx. 326, 328 (10th Cir. 2002) (holding that district court did not abuse its discretion in imposing condition that plaintiff pay additional discovery costs on granting leave to amend, and concluding that "[w]hen tardy amendments to a complaint force the opposing party to undertake additional preparation in order to meet new issues raised, such a condition

- 5 -

*   *   *

The court grants plaintiffs' June 28, 2013 amended first motion seeking leave to file and serve amended complaint.  They must file the amended complaint—electronically or on paper—within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

August 20, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

remedies the economic prejudice to the opposing party."); *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 2437265, at *1-2 (N.D. Cal. June 17, 2011) (shifting certain fees and costs to movant after granting motion for leave to file an amended answer); *Jones v. Xerox Corp.*, 2000 WL 680207, at *2 (N.D. Ill. May 22, 2000) (granting plaintiff's motion for leave to file an amended complaint upon the condition that plaintiff pay certain costs).