UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JESUS ANDRES VALDEZ**, § <br> **MARTA PATRICIA CASTILLO,** § <br> and all others similarly § <br> situated under 29 U.S.C. 216 (b), § <br> **Plaintiffs,** § <br> v.  § <br> § <br> **SEGUE DISTRIBUTION, INC.,** § <br> **CELERITY LOGISTICS, INC.,** § <br> **CELERITY ACQUISITIONS, INC.** § <br> **d/b/a/ CELERITY LOGISTICS** § <br> **COMPANY, INSPERITY, INC. f/k/a** § <br> **ADMINISTAFF, INC.,** § <br> **BEAVEX, INC.,** § <br> **MIKE MEDLEY,** § <br> and **SCOTT WATTS** § <br> **Defendants.** § | **Cause No. 3:12-cv-04368-D** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS CELERITY LOGISTICS, INC. AND CELERITY ACQUISITIONS, INC.'S PARTIAL MOTION TO DISMISS FOR <u>FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT</u>**

COME NOW Plaintiffs, Jesus Andres Valdez and Marta Patricia Castillo (collectively "Plaintiffs"), through undersigned counsel, in response to the above-described Defendants' Partial Motion to Dismiss for Failure to State a Claim ("Motion") filed by Celerity Logistics, Inc. ("CLI") and Celerity Acquisitions, Inc. d/b/a Celerity Logistics Company ("CAI") (collectively "Defendants") (**DE 23**) as follows:

A. INTRODUCTION

1. This matter sounds under the Fair Labor Standards Act (the "FLSA").

2. Defendants' Motion attacks the sufficiency of the pleadings alleging that Plaintiffs' Amended Complaint ("Complaint") fails to state a claim because (1) successor

**PLAINTIFFS' RESPONSE TO DEFENDANTS CELERITY
LOGISTICS, INC. AND CELERITY ACQUISITIONS, INC.'S
PARTIAL MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM AND BRIEF IN SUPPORT**                                              **PAGE 1**

liability doctrine should not apply to FLSA claims for policy reasons, and (2) if the doctrine applies, Plaintiff's Complaint failed to plead facts to support two elements for successorship liability. These elements are:

    i. Whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor.

    ii. The ability of the predecessor to provide relief.

3. For the reasons set forth below, Defendants' Motion should be denied.

## B. ARGUMENT

4. When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

5. In *Iqbal*, the Supreme Court adopted its previous ruling in *Twombly*. Neither case concerned the FLSA. Regarding *Twombly* and FLSA matters, in *Douglas v. Mission Chevrolet*, 2010 U.S. Dist. LEXIS 128357 (W.D. TX 2010) the court noted:

> A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The Court in *Douglas, id*, goes on to state,

> "Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id*. at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

6. Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the Plaintiffs's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), quoting *Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the Plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).  Under this standard, Plaintiffs have sufficiently stated a claim.

**Successor Liability Properly Applies to FLSA Claims**

7. Courts have consistently held that successor liability applies to federal claims.  See *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996) (successor liability has been extended to claims asserted under Title VII and related statutes). *Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995) (successor liability exists under the FLSA). *EEOC v. Multicare Family Clinic, et al.*, 1998 WL 386170, *1 (N.D. Tex. 1998) (successor liability applies to Title VII).  In *Powe v. May*, 62

Fed.Appx. 557, *1 (5th Cir. 2003), cited by Defendants, the Court assumed successor liability applies to the FLSA without deciding the issue.  That case involved elected officials as opposed to businesses, and the decision is therefore inapposite, as its facts easily distinguished from the facts of this case.  In *Schutze v. Financial Computer Software, et al.*, 2006 WL 20842008, *10 (N.D. Tex. 2006), the Court applied the theory of successorship liability to the FLSA and denied summary judgment on the issue.  In *Cooke v. Jasper,* 2010  WL 4312890, *5 (S.D. Tex. 2010), the Court applied successorship doctrine from labor law to the FLSA context.

8. The policies underlying the FLSA would be best served by imposing successor liability because "the FLSA was passed to protect workers' standards of living through the regulation of working conditions," and "that fundamental purpose is as fully deserving of protection as the labor peace, anti-discrimination, and worker securities policies underlying the NLRA" where successorship liability originated.[1] *Steinbach*, 51 F.3d at 845.  The fundamental issue in successorship liability is equity and fairness in its application.  *Id.* at 846.  Courts have identified nine factors in determining whether successorship liability should apply[2].  *Rojas*, 87 F.3d at 750. The first two factors are more important.  See *Schutze*, 2006 WL 20842008 at *10 (two key factors in determining successor liability are whether the company had notice of the charge and the ability of predecessor to provide relief).  These are the

---

[1] Successorship liability originated under the NLRA to provide protection for employees against the effects of sudden change in the employment relationship.  *Steinbach*, 51 F.3d at 845.

[2] The nine factors are: 1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8)

two factors Defendants complained about, they are not complaining about the other seven factors.

9. Plaintiffs' Amended Complaint properly alleges CAI acquired the assets of CLI, which acquired the assets of Segue Distributions, Inc.  The successor liability of Defendants stems from the fact that the same managers, supervisors, business model, employees, equipment, and facilities were used to provide the same service to the same clientele throughout the transfer of ownership.  Amended Complaint paras. 29-30.  Successorship liability originated specifically to provide protection for employees against the sudden change in employment relationship as occurred in this case.  Policy reasons support the application of successorship liability, in that both CLI and CAI merely continued the business of Segue Distributions Inc.  The successors operated in the same office and facilities, with same business model, same clientele, and the same supervisors which suggests constructive if not actual notice of Plaintiffs' claims.  Plaintiffs have sufficiently alleged notice and continuity of business operations in their Amended Complaint.

10. The information regarding the ability of predecessor to provide relief is best in the possession of the Defendants, and Plaintiffs should be afforded the opportunity to discover and verify financial and business records regarding their financial status. Speculation on the financial viability of predecessors to provide relief will not afford Defendants any additional meaningful notice.  Moreover, Plaintiff's Amended Complaint alleges *asset* acquisitions by each successor, which at the very least, meets

---

whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.  *Rojas*, 87 F.3d at 750.

the pleading requirement that Defendants be given notice of Plaintiffs' claims of their predecessor's potential inability to pay when no assets remained. Amended Complaint paras. 29-30. Further, Defendants have the burden to supply proof of their predecessors' ability to satisfy a judgment. See *Schutze,* 2006 WL 20842008 at *11 (*Rojas* factors weigh in favor of plaintiff when defendants failed to offer any evidence or stipulations that its predecessor is able to satisfy a judgment against it today).

11. Plaintiffs' Amended Complaint fulfills the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure by establishing the applicability of successor liability and that Defendants are successors with business continuity. Because Plaintiff stated a claim upon which relief can be granted, the Amended Complaint should not be dismissed.

### C. CONCLUSION

WHEREFORE, Plaintiffs respectfully ask the Court to deny Defendants' Motion in its entirety. In the alternative if the Motion is granted, Plaintiffs respectfully requests that Plaintiffs be allowed to replead.

Respectfully submitted,

by: /s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 20th day of October, 2013.

                                    /s/ Robert L. Manteuffel
                                    Robert L. Manteuffel
                                    Counsel for the Plaintiff(s)