UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESUS ANDRES VALDEZ**, | § | |
| **MARTA PATRICIA CASTILLO,** | § | |
| **and all others similarly** | § | |
| **situated under 29 U.S.C. 216 (b),** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Cause No. 3:12-cv-04368-D** |
| | § | |
| **SEGUE DISTRIBUTION, INC.,** | § | |
| **CELERITY LOGISTICS, INC.,** | § | |
| **CELERITY ACQUISITIONS, INC.** | § | |
| **d/b/a/ CELERITY LOGISTICS** | § | |
| **COMPANY, INSPERITY, INC. f/k/a** | § | |
| **ADMINISTAFF, INC.,** | § | |
| **BEAVEX, INC.,** | § | |
| **MIKE MEDLEY,** | § | |
| **and SCOTT WATTS** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT BEAVEX, INC.'S PARTIAL MOTION
TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

COME NOW Plaintiffs, Jesus Andres Valdez and Marta Patricia Castillo (collectively "Plaintiffs"), through undersigned counsel, in response to the above-described Defendant BeavEx, Inc.'s Partial Motion to Dismiss for Failure to State a Claim and Motion for More Definite Statement (collectively "Motions") filed by BeavEx, Inc. ("BeavEx" or "Defendant") (**DE 33**) as follows:

**A. INTRODUCTION**

1.      This matter sounds under the Fair Labor Standards Act (the "FLSA").

2.      Defendant's Motion to Dismiss attacks the sufficiency of the pleadings alleging that Plaintiffs' Amended Complaint fails to state a claim because Plaintiffs failed to plead facts to support the elements for successorship liability.  These elements are:

**PLAINTIFFS' RESPONSE TO DEFENDANT
BEAVEX, INC.'S PARTIAL MOTION TO DISMISS
AND MOTION FOR MORE DEFINITE STATEMENT                    PAGE 1**

     i.   Whether the subsequent employer was a *bona fide* successor.

     ii.  Whether subsequent employer had notice of the potential liability.

     iii. Whether the predecessor is able to provide adequate relief.

3.     Defendant's Motion for More Definite Statement alleges that Plaintiffs' Amended Complaint with regard to their successor liability claims and BeavEx's employer status is so vague and ambiguous that BeavEx is unable to prepare a responsive pleading.

4.     For the reasons set forth below, the Defendant's Motions should be denied.

## B. ARGUMENT

5.     When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

6.     In *Iqbal*, the Supreme Court adopted its previous ruling in *Twombly*. Neither case concerned the FLSA. Regarding *Twombly* and FLSA matters, in *Douglas v. Mission Chevrolet*, 2010 U.S. Dist. LEXIS 128357 (W.D. TX 2010) the court noted:

> A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v.*

*Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The Court in *Douglas, id*, goes on to state,

> "Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

7.  Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the Plaintiffs's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), quoting *Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the Plaintiffs, if those facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).  Under this standard, Plaintiffs have sufficiently stated a claim.

**Plaintiffs Stated a Claim Under the Theory of Successor Liability Against the Defendant**

8.  The Defendant cites two cases *Steinbach v. Hubbard*, 51 F.3d 843 (9th Cir 1995) and *Rojas v. TK Communications, Inc.*, 87 F.3d 745 (5th Cir. 1996) for standards to impose successorship liability.   *Steinbach* has three factors: (1) whether the subsequent employer was a *bona fide* successor; (2) whether the subsequent employer

had notice of the potential liability; and (3) the extent to which the predecessor is able to provide adequate relief. *Steinbach,* 51 F.3d at 845-846. *Rojas* has nine factors.[1]

9.    Plaintiffs' Amended Complaint properly alleges the required elements for imposing successorship liability. The first factor, whether the subsequent employer was a *bona fide* successor, depends on the "degree of business continuity between the successor and predecessor." *Steinbach,* 51 F.3d at 846. Plaintiffs' Amended Complaint specifically alleges business continuity as basis of successor liability which stems from the fact that the same managers, supervisors, business model, employees, equipment, and facilities are used to provide the same service to the same clientele after the transfer of ownership. Amended Complaint para. 31. Plaintiffs sufficiently alleged the first factor raised by the Defendant.

10.    Under the second factor, the Defendant cites *Tuchman V. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994) to support the argument that assumptions or deductions of fact by a District Court are prohibited when analyzing whether a pleading survives a Rule 12(b)(6) motion to dismiss. *Tuchman* involves a federal securities fraud claim which required a heightened pleading standard under Rule 9(b). The plaintiffs in that case had to plead every element of fraud with particularity. This is markedly different from the pleading requirements in this case. Plaintiffs need only plead "short and plain statements of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2). In this case, the test is whether "no facts are alleged

---

[1] These factors are: 1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

**PLAINTIFFS' RESPONSE TO DEFENDANT**
**BEAVEX, INC.'S PARTIAL MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT                PAGE 4**

showing that the Plaintiffs, if those facts be true, are entitled to relief". *Daves,* 114 F.Supp. at 643. Plaintiffs' Amended Complaint properly alleges BeavEx, Inc. acquired the assets of Celerity Acquisitions, Inc. d/b/a Celerity Logistics Company ("CAI") and maintained the same managers, supervisors, business model, employees, equipment, and facilities to provide same service to the same clientele as prior to transferring of ownership. Amended Complaint para. 29-30. Successorship liability originated specifically to provide protection for employees against the sudden change in employment relationship as occurred in this case. BeavEx, Inc. is a mere continuation of the same business of CAI. The successor operates in the same office and facilities, with same business model, same clientele, and the same supervisors which suggests constructive if not actual notice of Plaintiffs' claims. Plaintiffs have sufficiently alleged notice and continuity of business operations in their Amended Complaint.

11. Evidence of the third factor, the ability of the predecessor to provide relief, is in the possession of the Defendants in this case, and Plaintiffs should be afforded the opportunity to discover and verify financial and business records regarding the Defendants' financial status. Speculation on the financial viability of the predecessor to provide relief will not afford the Defendant any additional meaningful notice. Moreover, Plaintiffs' Amended Complaint alleges *asset* acquisitions by BeavEx, Inc., which at the very least, meets the pleading requirement that the Defendant is given notice of Plaintiffs' claim of its predecessor's potential inability to pay when no assets remained. Amended complaint paras. 29-30. Further, the Defendant has the burden to supply proof of its predecessor's ability to satisfy a judgment. See *Schutze,*

2006 WL 20842008 at *11 (*Rojas* factors weigh in favor of plaintiff when defendants failed to offer any evidence or stipulations that its predecessor is able to satisfy a judgment against it today).

12.   Plaintiffs' Amended Complaint has fulfilled the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure by establishing that the Defendant is a successor with business continuity.   Because Plaintiffs have stated a claim upon which relief can be granted, the Amended Complaint should not be dismissed.

**Plaintiffs Should not be Required to Replead Their Successorship Liability Claim under Rule 12(e)**

13.   Federal Rule of Civil Procedure (12)(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed by which is so vague or ambiguous that the party cannot reasonably prepare a response.

14.   Motions for a more definite statement are generally disfavored and should be granted only when Plaintiffs' pleading is so unintelligible that a responsive pleading cannot be framed.  *Brown et al. v. Whitcraft et al.,* 2008 WL 2066929, *1 (N.D. Tex. 2008) (citing *Chapman v. Dallas County Cmty. Coll. Dist.,* 2006 WL 344207, at *4 (N.D. Tex. 2006).   It is not warranted to direct the plaintiff to provide a more definite statement if a defendant is complaining of matters that can be clarified and developed during discovery and not matters that impeded his ability to form a responsive pleading.  *Id.*  Policy reasons also disfavor a motion for a more definite statement because it could be easily abused to put off filing defensive pleadings, and postpone and prolong the trial which will leave the employee without any effective protection

for much longer.  *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 131-132 (5th Cir. 1959).

15.   In this case, Plaintiffs' Amended Complaint provides plain, simple, intelligible statements regarding the successorship liability claim that the Defendant may admit or deny in its responsive pleading.  The Defendant may admit or deny that it acquired the assets of CAI.  The Defendant may admit or deny that it retained the same managers, supervisors, business model, employees, equipment, facilities, and clientele as its predecessor.  The Defendant may also admit or deny it is a successor corporation of CAI.

16.   Moreover, the Defendant is improperly seeking discovery information using Rule 12(e) that is proscribed by the court.  A "motion for definite statement is not to be used to assist in getting the facts in preparation for trial as such.  Other rules relating to discovery, interrogatories and the like exist for this purpose."  *Mitchell*, 269 F.2d at 132.  The Defendant is seeking information regarding specific facts relating to the circumstance, time frame, or nature of the assets BeavEx acquired from Celerity Acquisitions, and the time frame BeavEx became aware on Plaintiffs' claims.  "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail."  *Rolen v. City of Brownfield, TX.*, 2004 WL 833366, *2 (N.D. Tex. 2004).  Such details are best known to the Defendant and to be discovered by the Plaintiffs.

17.   The Defendant's motion also fails to meet the requirements of Rule 12(e), that the Defendant identify specific defects complained of and the details required that would allow the Defendant to file a responsive pleading.  The details requested by the Defendant are information that is discoverable during discovery and is inappropriate

under Rule 12(e).  The Defendant did not name any other defects or details desired in the Amended Complaint that would satisfy the requirements of Rule 12(e).

18.  Furthermore, Plaintiffs' Amended Complaint provides fair notice of the claim regarding successorship liability and the facts alleged that the Defendant acquired the assets of its successor and maintained continuity of business show a plausible claim for relief.

19.  For the above reasons, the Court should deny the Defendant's Motion for a More Definite Statement on Plaintiffs' successorship liability claim.

**Plaintiffs Should not be Required to Replead that BeavEx was Their Employer**

20.  The Defendant claims Plaintiffs' Complaint is defective because they failed to plead that BeavEx was their employer.  The Defendant also requests information on when, how, and why Plaintiffs believe they were employed by BeavEx and in what capacity Plaintiffs were employed by the other named defendants.  The Defendant is again trying to use Rule 12(e) as a substitute for discovery.  All of this information is more properly obtained during discovery.

21.  Plaintiffs' Amended Complaint specifically alleges in a simple, intelligible manner that BeavEx employed Plaintiffs, had control over Plaintiffs' work, and Plaintiffs were financially dependent on the Defendant.  Amended Complaint para. 7. Plaintiffs' Complaint also states with particularity that Plaintiff Jesus Andres Valdez worked an average of 53 hours per week and was paid an average of $11.32 per hour, and Plaintiff Marta Patricia Castillo worked an average of 50 hours per week and was paid an average of $12.00 per hour, and Plaintiffs were not paid half time overtime rate for hours worked above 40.  Amended Complaint paras. 20-21.  For Federal

Minimum Wage Violation, Plaintiffs' Complaint alleges Plaintiff Jesus Andres Valdez and Martha Patricia Castillo were paid an average of $6.60/hour "free and clear." Amended Complaint paras. 24-25. The hours worked by Plaintiffs, their pay rate, and the conditions of their employment were the same when they were employed and ongoing. Amended Complaint paras. 20-21, 24-25.

22.     Plaintiffs' Amended Complaint provides the circumstances of each Plaintiff's employment with all Defendants, including BeavEx, because the condition and circumstance is the same and ongoing after each transfer of ownership due to continuity of the business. The information provided by Plaintiffs is not unintelligible and provides fair notice of Plaintiffs' claim with facts sufficient to show a plausible claim for relief. The Defendant is fully capable of forming a responsive pleading to either admit or deny the allegation of employer status and wage violations. The Defendant's request for more definite statement regarding employer status is nothing more than a request for discovery information.

23.     For the reasons above, Plaintiffs respectfully request that the Court deny the Defendant's Motion for a More Definite Statement.

## C. CONCLUSION

WHEREFORE, Plaintiffs respectfully ask the Court to deny Defendant's Partial Motion to Dismiss and Motion for More Definite Statement in its entirety. In the alternative, if either Motion is granted, Plaintiff respectfully requests that Plaintiffs be allowed to replead.

Respectfully submitted,

**PLAINTIFFS' RESPONSE TO DEFENDANT**
**BEAVEX, INC.'S PARTIAL MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT          PAGE 9**

by:     /s/ Robert L. Manteuffel
        Robert L. Manteuffel
        Texas Bar No. 12957529
        J.H. Zidell, P.C.
        6310 LBJ Freeway, Ste. 112
        Dallas, Texas 75240
        Tel:    972-233-2264
        Fax:    972-386-7610
        E-mail address:  rlmanteuffel@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 20th day of October, 2013.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)

**PLAINTIFFS' RESPONSE TO DEFENDANT
BEAVEX, INC.'S PARTIAL MOTION TO DISMISS
AND MOTION FOR MORE DEFINITE STATEMENT          PAGE 10**